# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| BETRENIA BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00166-TWP-DML |
| | ) | |
| DEPARTMENT OF COMMERCE, | ) | |
| PENNY PRITZKER, in her official capacity as | ) | |
| the United States Secretary of Commerce, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS
## AND FOR SUMMARY JUDGMENT

This case arises out of an employment dispute between Plaintiff Betrenia Bailey ("Bailey") and Defendant Penny Pritzker, in her official capacity as the United States Secretary of Commerce ("the Secretary"). Bailey challenges the termination of her employment with the United States Department of Commerce ("Commerce"), arguing that it occurred on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"). The Secretary has filed a Motion to Dismiss and requested that the Court convert it into a Motion for Summary Judgment. (Filing No. 25.) For the reasons described below, the Court converts the Secretary's Motion to Dismiss into a summary judgment motion, and **GRANTS** the Motion for Summary Judgment.

## I. BACKGROUND[1]

At the time she filed her Amended Complaint, Bailey was 53 years old. She began her employment with the United States Department of Commerce on March 3, 2008 as a statistical

---

[1] As detailed below, the Court converts the Secretary's Motion to Dismiss into a motion for summary judgment. The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Bailey as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

clerk at the Jefferson Call Center in Jeffersonville, Indiana. Her duties included performing telephone interviews, explaining the purpose of surveys, and following up with survey respondents. (Filing No. 10 at 3.) Eric Milliner ("Milliner") became the Chief Branch Manager of the Jefferson Call Center in or around December 2010. (Filing No. 10 at 3.) Bailey alleges that while she had consistently received positive performance reviews before Milliner's tenure, by April 2011 Milliner began to systematically take adverse employment actions against her and against other statistical clerks who were over the age of 40. (Filing No. 10 at 3.) For example, Milliner would assign the over-40 clerks higher workloads than other clerks and accuse them of "idleness," failing to call in (which resulted in unexcused absences), and parking violations. (Filing No. 10 at 4.) Bailey identifies three under-40 statistical clerks—Charee Stoner, Nidra Carter and Seth Weathers—who engaged in conduct similar to Bailey's, but were not disciplined. (Filing No. 10 at 4.) Bailey alleges that she suffered several adverse employment actions because of her age, including being orally counseled, being issued a written reprimand, and being given 3-day and 14-day suspensions.

In a letter dated March 10, 2012, Milliner informed Bailey that he was proposing termination of her employment, due to an absence from work without authorization and failure to follow proper call in procedures. (Filing No. 34-11 at 1.) Bailey submitted a response to the termination proposal through a union representative. (Filing No. 34-10 at 1.) On that same day, she also filed a complaint of employment discrimination (an "EEO Complaint"), checking the boxes indicating that she believed she was discriminated against on the basis of her sex and age, and also in retaliation for having reported sexual harassment in the workplace. (Filing No. 34-12 at 1.) In a letter dated April 23, 2012, Karen Silloway, the Assistant Division Chief of the National Processing Center, determined that the reasons listed in Milliner's March 10, 2012 letter were fully

supported by the evidence, and she sustained Bailey's termination. ([Filing No. 34-13 at 1](#).) On October 16, 2012, Commerce issued a final decision regarding Bailey's EEO Complaint, concluding that she was not removed due to her sex, age, or reprisal for a protected activity. ([Filing No. 25-2 at 4](#).)

On November 13, 2012, Bailey filed a mixed-case appeal of her termination with the Merit Systems Protection Board ("MSPB"). ([Filing No. 25-2 at 1](#).) After a hearing, on March 11, 2013, an Administrative Law Judge ("ALJ") issued an initial decision regarding Bailey's appeal. The ALJ concluded that Commerce established by a preponderance of the evidence that Bailey had been absent without authorization. ([Filing No. 25-2 at 4](#).) The ALJ also concluded that Bailey did not establish by a preponderance of the evidence that Commerce removed her on the basis of age, ([Filing No. 25-2 at 10](#)), or as a result of retaliation for engaging in a protected activity ([Filing No. 25-2 at 15](#)). The ALJ determined, however, that in fashioning a penalty for Bailey's unauthorized absence, "the agency violated [Bailey's] due process rights by denying her notice of the specific information considered used to remove her and an opportunity to respond." ([Filing No. 25-2 at 19](#).) The ALJ stated that Commerce may not remove Bailey "unless and until she is afforded a new and constitutionally correct removal procedure", ([Filing No. 25-2 at 19](#)), and ordered Commerce to cancel the removal and restore Bailey to employment, effective April 23, 2012. ([Filing No. 25-2 at 19](#).)

On April 12, 2013, Commerce filed a petition for review of the ALJ's initial decision. ([Filing No. 25-3 at 1](#).) Bailey did not file a petition for review of the ALJ's findings regarding her age discrimination and retaliation claims. ([Filing No. 25-1 at 2](#).) On June 6, 2014, the MSPB issued a final order on Bailey's mixed case appeal. ([Filing No. 25-4 at 1](#).) The MSPB denied the petition for review and affirmed the ALJ's initial decision, which became the MSPB's final

decision.  (Filing No. 25-4 at 2.)  This includes the ALJ's findings regarding Bailey's age discrimination and retaliation claims, which Bailey did not appeal.  (Filing No. 25-4 at 7.)  In addition, Bailey did not appeal the MSPB's decision regarding her discrimination claims either to the Equal Employment Opportunity Commission ("EEOC") or to a federal district court.

Based on the MSPB's decision, Bailey's employment was reinstated.  (Filing No. 25-1 at 2.)  Following her reinstatement, on April 8, 2013, Bailey's removal was proposed again, for the same unauthorized absence that was at issue in her first removal.  *Id.*  A second removal became effective on June 1, 2013.  *Id.*  On July 1, 2013, Bailey filed a mixed-case appeal to the MSPB challenging her second removal.[2]  In this second appeal, she challenged her termination, arguing that she was unlawfully terminated because of her age, gender, because she complained about sexual harassment, or because she raised concerns under the Whistleblower Protection Law.  (Filing No. 25-5 at 6.)  Commerce filed a narrative response to Bailey's appeal, arguing that the ALJ's prior order—regarding the first termination—found that Bailey failed to prove her affirmative defense of age discrimination.  (Filing No. 25-6 at 7.)  Commerce also stated in a footnote that Bailey did not appear to be raising an age discrimination claim in her second appeal.  (Filing No. 25-6 at 7.)  In her July 23, 2014 pre-hearing submission, Bailey indicated that the following four questions were at issue in her appeal to the MSPB: (1) whether the agency had proven by a preponderance of the evidence the essence of the charge of Failure to Follow Proper Procedures and unauthorized absences as described in the letter proposing to remove Bailey, dated April 8, 2013; (2) whether the penalty of removal was within the tolerable limits of reasonableness; (3) whether her removal was permissible after the issuance of the MSPB's Decision dated June 6,

---

[2] Because Commerce's appeal of Bailey's first removal was still pending at the time that she challenged her second removal, this appeal was dismissed without prejudice, pending the outcome of the proceedings regarding the first removal.  After the MSPB's final decision was issued, the second appeal was reopened.

2014; and (4) whether the agency unlawfully retaliated against her for filing an initial appeal of her first termination. ([Filing No. 25-7 at 1](#).) In that filing, Bailey also indicated that she waived her right to a hearing in the appeal. ([Filing No. 25-7 at 4](#).)

Following a status conference on August 7, 2014, the ALJ issued an order and summary, summarizing the discussion held that the status conference. ([Filing No. 25-8 at 1](#).) In it, the ALJ addressed the issues raised by Bailey, and discussed the following affirmative defenses identified by Bailey: retaliation for her EEO activity, retaliation for having filed her initial MSPB appeal, and laches. ([Filing No. 25-8 at 4](#).) The ALJ opined that Bailey had waived all other affirmative defenses, waived her right to a hearing, and requested that the matter be adjudicated on the written record. ([Filing No. 25-8 at 5](#).) The ALJ indicated that the record would close on September 18, 2014, and that all evidence and argument must be filed by that date. ([Filing No. 25-8 at 5](#).) On October 27, 2015, the ALJ issued her initial decision. ([Filing No. 25-9](#).) The ALJ concluded that Bailey had not established either of her affirmative defenses—retaliation or laches—and that she had waived all other affirmative defenses. ([Filing No. 25-9 at 6](#); [Filing No. 25-9 at 10-15](#).) The ALJ affirmed the agency's decision. ([Filing No. 25-9 at 18](#).)

On November 30, 2015, Bailey filed a Complaint in this Court, ([Filing No. 1](#)), and filed the operative Amended Complaint on January 30, 2016, ([Filing No. 10](#)). Bailey alleges only one claim in her Amended Complaint—that Commerce discriminated against her on the basis of age, in violation of 29 U.S.C. § 623 *et seq.*, the Age Discrimination in Employment Act. The Secretary filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. ([Filing No. 25](#).) That Motion is now ripe for the Court's review.

## II.  **MOTION TO DISMISS UNDER RULE 12(b)(5)**

The Secretary moves to dismiss Bailey's Amended Complaint on the grounds that Bailey has failed to establish that she has properly served all required parties.  (Filing No. 26 at 14.)  As this issue is jurisdictional, the Court addresses it first.  In order to serve a United States officer in her official capacity, the Federal Rules of Civil Procedure require that the plaintiff serve the United States and send a copy of the summons and complaint to the officer.  Fed. R. Civ. P. 4(i)(2).  Service upon the United States is accomplished by delivering a copy of the summons and of the complaint to the United States attorney for the district where the action is brought and sending a copy of each by registered or certified mail to the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(l).  Thus, three copies of the summons and complaint must be sent: (1) to the officer; (2) to the United States attorney for the district where the action is brought; and (3) to the Attorney General of the United States.

If proper service is not accomplished within 120 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Thus, where the plaintiff fails to show "good cause," the court is left with two options: (1) dismiss the action without prejudice; or (2) order that service be made within a specified time.  *United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006).  Ultimately, "the decision of whether to dismiss or extend the period for service is inherently discretionary."  *Cardenas,* 646 F.3d at 1005 (citing *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)).  Rule 12(b)(5) establishes that a complaint can be dismissed for insufficient service of process.  If process is insufficient, the court lacks personal jurisdiction over the defendant, thus implicating Rule 12(b)(2).  *Id.* (citations

omitted).  In making its determination, the court may consider affidavits and other documentary evidence.  *Id.* at *2 (citations omitted).

Bailey has served the United States attorney for the district in which this action was filed, ([Filing No. 23](#)), and the Secretary acknowledges that Bailey has served the United States Secretary of Commerce, ([Filing No. 26 at 15](#)).  Bailey has not, however, served the Attorney General of the United States, as required by Rule 4(i)(l).  Bailey has been counseled on a number of occasions by the Court on the necessity of doing so, and she has received multiple extensions of time.  On June 2, 2016, the Court issued Bailey an order to show cause "as to why her complaint should not be dismissed without prejudice because of her failure to serve the defendant within 120 days of filing." ([Filing No. 11](#).)  Following Bailey's response, the Court granted her an extension until July 20, 2016 to serve the Amended Complaint and directing her to file proof of service by August 3, 2016.  ([Filing No. 13](#).)  On August 10, 2016, having received no proof of service, the Court ordered Bailey to file a proof of service by August 12, 2016.  ([Filing No. 14](#).)  Bailey's counsel responded that he had been "dealing with limitations caused by [a heart] procedure" that was performed on August 12, 2016.  ([Filing No. 15 at 1](#).)  The Court construed that response as a request for more time, granting Bailey until August 29, 2016 to serve the Attorney General, and ordering her to file proof of service by September 12, 2016.  ([Filing No. 17](#).)  On September 12, 2016, Bailey filed a response, stating that the Amended Complaint was served on Commerce via certified mail on August 12, 2016, but that counsel was unable to determine what problem, if any, occurred with delivery.  ([Filing No. 18 at 1](#).)  The Court granted Bailey another extension for filing the proof of service, giving her until September 15, 2016.  ([Filing No. 19](#).)  Bailey then filed a request for another extension of time, through September 30, 2016, ([Filing No. 20](#)), which the Court granted, ([Filing No. 21](#)).

On November 9, 2016, the Secretary filed a Motion to Dismiss, ([Filing No. 25](#)), raising, among other grounds for dismissal, the arguments that Bailey's Amended Complaint should be dismissed for failing to name the proper defendant and for failure to effectuate proper service. The Court allowed Bailey to substitute Secretary Penny Pritzker as the proper defendant, and in that Order, noted that Bailey could be given an opportunity to cure the alleged service defect, given the substitution, should the Secretary choose not to waive any service defect. ([Filing No. 35 at 2](#).) The Court directed the Secretary to address in her reply brief to the subject motions whether she waives any defect in service of process. ([Filing No. 35 at 2](#).) In her reply brief, the Secretary stated that she does not waive her argument regarding the defect in service. ([Filing No. 38 at 8](#).)

To date, Bailey has not filed proof of service on the Attorney General, and she has given no indication of any intent to do so. Moreover, she does not respond to or address the Secretary's proof of service argument in any of her briefs in opposition to the Motion to Dismiss and the Motion for Summary Judgment. As the Seventh Circuit has concluded, while a court may give a plaintiff reasonable time to cure a service defect, as this Court has repeatedly done, "nothing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001) (citations omitted). Service on the Attorney General "is essential," as the Seventh Circuit has held, "[f]or good reason: that's what the rule says." *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996). "The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." *Tuke*, 76 F.3d at 157 (citations omitted).

Bailey has failed to effectuate proper service on the Attorney General, which requires dismissal under Federal Rule of Civil Procedure 12(b)(5). As discussed below, however, even if

Bailey had effectuated proper service, her claim would still fail, due to her failure to exhaust administrative remedies.

### III. <u>MOTION FOR SUMMARY JUDGMENT</u>

Ordinarily, having determined that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(5), the Court would not address the Defendant's alternative motion, however, the procedural circumstances of this case require it.

### A. <u>Conversion to Motion for Summary Judgment</u>

The Secretary argues that even if this Court were to excuse Bailey's failure to serve the Defendant, her claim cannot succeed, because she has failed to exhaust her administrative remedies, as required. The Secretary moves to dismiss Bailey's claim due to her failure to exhaust, and she has attached materials outside of the pleadings in support of her Motion to Dismiss. (Filing No. 25 through Filing No. 25-12.) As such, the Secretary requests that this Court convert the Motion to Dismiss into a Motion for Summary Judgment. The Court addresses this request at the outset, because it impacts the Court's consideration of the relevant facts.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56 ." Fed. R. Civ. P. 12(d) (emphasis added); *see also Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012) ("If a moving party relies on additional materials, the motion *must* be converted to one for summary judgment under Rule 56.") (emphasis added). But, the court may not convert a motion to dismiss into one for summary judgment if the plaintiff has not been given adequate notice, which "is provided when the moving party frames its motion in the alternative as one for summary judgment." *Tri-Gen v. Int'l Union of Operating Eng., Local 150, AFL-CIO,* 433 F.3d 1024, 1029 (7th Cir. 2006). Here, the Secretary framed her Motion as, in the alternative, a

Motion for Summary Judgment. In Bailey's Response in Opposition to the Motion for Summary Judgment, Bailey attaches a number of documents outside the pleadings. (Filing No. 34 through Filing No. 34-15.) The Court concludes, therefore, that Bailey had adequate notice of the possible conversion, and utilized her opportunity to present relevant evidence.

The Court therefore converts the Secretary's Motion to Dismiss into a Motion for Summary Judgment.

**B.** <u>**Legal Standard**</u>

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Zerante,* 555 F.3d at 584; *Anderson,* 477 U.S. at 255.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that when the non-movant has the burden of proof on a substantive issue, specific forms of evidence are not required to negate a non-movant's claims in the movant's summary judgment motion, and that a court may grant such a motion, "so long as whatever is before the district court demonstrates that the standard...is satisfied"); *see also* Fed. R. Civ. P. 56(c)(1)(A) (noting additional forms of evidence used in support or defense of a summary judgment motion, including "depositions, documents electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials").

Thereafter, a non-moving party who bears the burden of proof on a substantive issue may not rest on its pleadings, but must affirmatively demonstrate by specific factual allegations that there is a genuine issue of material fact that requires trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Celotex Corp.*, 477 U.S. at 323-24; Fed. R. Civ. P. 56(c)(1). Neither the mere existence of some alleged factual dispute between the parties nor the existence of some "metaphysical doubt" as to the material facts is sufficient to defeat a motion for summary judgment. *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997); *Anderson*, 477 U.S. at 247-48; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

Similarly, a court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Indeed, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (highlighting that "these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. When ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

## C. Failure to Exhaust Administrative Remedies

The Secretary argues that summary judgment is appropriate because, in three respects, Bailey has failed to exhaust her administrative remedies: (1) Bailey did not raise any argument

regarding age discrimination in front of the MSPB; (2) Bailey only challenged her termination in the proceedings in front of the MSPB, but here challenges oral counseling, a written reprimand, and two suspensions as adverse employment actions; and (3) Bailey alleges a "systematic pattern" of age discrimination that she did not allege during the administrative proceedings.

A federal employee aggrieved by a personnel action that is reviewable by the MSPB has two courses of action open to her if she attributes her employer's employment decision, at least in part, to discriminatory animus. She may file with her agency a "mixed case complaint," which is an administrative complaint alleging prohibited employment discrimination "related to or stemming from an action that can be appealed to" the MSPB. *McCarthy v. Vilsack*, 322 F. App'x 456, 457-58 (7th Cir. 2009) (citing 5 U.S.C. § 7702(a)(2); 29 C.F.R. § 1614.302(a)(1), (b)). Her second option is to bypass the agency's administrative process and file a "mixed-case appeal" directly with the MSPB. *McCarthy*, 322 F. App'x, at 457-58 (citing 5 U.S.C. §§ 7513(d), 7702(a)(1); 5 C.F.R. §§ 1201.22(b)(1),1201.151; 29 C.F.R. § 1614.302(a)(2), (b)). "If the MSPB reaches the merits of the case but issues an unfavorable ruling, the employee may file a civil action in the district court either with or without first petitioning the EEOC to review the MSPB's determination that the personnel action did not result from unlawful discrimination." *McCarthy*, 322 F. App'x at 457-58 (citing 5 U.S.C. § 7702(a)(3), (b); 5 C.F.R. § 1201.157).

Federal employees asserting ADEA claims must exhaust the administrative remedies described above before filing a civil action in federal district court. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013). Exhaustion of administrative remedies is a precondition to bringing an ADEA claim in federal court, rather than a jurisdictional requirement. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (holding the same in analogous Title VII context).

Therefore, a plaintiff can present equitable reasons for failing to comply with the exhaustion requirements. *Id.*

The Secretary first argues that Bailey did not fulfill the exhaustion requirement, because she did not raise any argument regarding age discrimination in front of the MSPB in the appeal that is being challenged here—the one following her second termination. While Bailey responds to the Secretary's other two exhaustion arguments, she does not respond to this one. Her response focuses only on the proper *scope* of the claim raised here, and not whether the claim may be raised *at all.*

While Bailey indicated on her initial appeal form that she was challenging her removal because of her age, she points to no other instance in which she raised an age-discrimination argument or claim to the MSPB. Bailey was on notice on multiple occasions that she risked waiving her affirmative defense of age discrimination by failing to argue it in her second appeal, and the Court finds no evidence in the record that she acted to avoid that waiver. (*See* Filing No. 25-6 at 7; Filing No. 25-6 at 7; Filing No. 25-8 at 5; Filing No. 25-9 at 6.) Checking a box (or the textual equivalent) on an MSPB form complaint, "without testifying about or presenting any evidence" that her termination was due to her age, does not adequately set forth a claim of discrimination before the MSPB. *See Burgett*, 603 F. Supp. 2d at 1156; *Chaney v. Rubin,* 986 F. Supp. 516, 522 (N.D. Ill. 1997) (finding that the MSPB appeal form did not adequately set forth a claim of discrimination when plaintiff checked the box to indicate race as the basis of discrimination against him, but failed to mention any incident or facts in his narrative of the underlying events which concerned race). And as in *Burgett*, Bailey was on notice that she must raise any affirmative defenses, and she did not.

As noted above, a failure to exhaust in this context is a precondition to bringing a claim in federal court, as opposed to a jurisdictional requirement. As such, Bailey could present equitable reasons as to why she failed to comply with the exhaustion requirements. But Bailey raises no such arguments. The Court therefore concludes that even if Bailey is able to properly serve the Attorney General, her claims must fail, due to her failure to exhaust her administrative remedies.

## IV.  <u>CONCLUSION</u>

The Complaint in this action was filed on November 30, 2015, nearly two years ago. On four separate occasions the Court granted Bailey additional time to properly serve the Attorney General, and she has blatantly failed to do so. Therefore, Bailey's claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons described above, the Court **GRANTS** the Secretary's Motion to Dismiss for failure to effectuate service on the Attorney General. ([Filing No. 25](#).) Because the rules require it, the **dismissal is without prejudice**. But, "without prejudice does not mean without consequence." See *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir. 1989); *Robbins v. Bentsen*, 41 F.3d 1195, 1199 (7th Cir. 1994); *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). Bailey has also failed to exhaust her administrative remedies, and her claims should not have been brought in this court, so the dismissal is final and appealable.

Judgment consistent with this Entry will issue in a separate order.

**SO ORDERED.**

Date:  9/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Samuel George Hayward
ADAMS HAYWARD & WELSH
sghayw@gmail.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
gina.shields@usdoj.gov